O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORP.,<br><br>　　　　　Plaintiff,<br>　　v.<br>BACKSTAGE BAR AND GRILL et al.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-8305-ODW(PLAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' MOTION FOR CONTEMPT [105], [108]** |

## I.　INTRODUCTION

After Plaintiff Slep-Tone Entertainment Corp. failed to prosecute its suit against the numerous Defendants, the Court dismissed the case with prejudice.  (ECF No. 89.)  Afterwards, the Court granted Defendants Kelly Sugano and Taka-O's unopposed motion for attorney's fees, finding that they were the prevailing parties in this exceptional case under 15 U.S.C. § 1117(a).  (ECF No. 104.)  Slep-Tone failed to pay the attorney's-fee award and instead filed a Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6).  (ECF No. 105.)  Defendants opposed the Motion and moved for contempt and sanctions.  (ECF No. 108.)  After considering the merits of both Motions, the Court **DENIES** Slep-Tone's Motion for Reconsideration and **DENIES** Sugano and Taka-O's Motion for Contempt.[1]

---

[1] **Error! Main Document Only.**Having carefully considered the papers filed in support of and in opposition to these Motions, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party of an order for, among other reasons, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Ninth Circuit case law, a party may only seek relief under this catchall provision when the party demonstrates "extraordinary circumstances" warranting the court's favorable exercise of discretion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). To satisfy its burden under this lofty standard, a party must prove both (1) an injury and (2) circumstances beyond its control. *Id.* Negligence by a party's attorney does not constitute the requisite extraordinary circumstances, unless the client can demonstrate gross negligence by its attorney. *Id.* at 1168–69.

Under Rule 59(e), a party may move to alter or amend a judgment. But this Rule can only be invoked to reconsider a decision on the merits; it cannot be used to attack an attorney's-fee award because "a request for attorney's fees . . . raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982).

The Local Rules further elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. L.R. 7-18.

Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

///

Slep-Tone asks the Court to reconsider the January 15, 2013 Order awarding $18,105 in attorney's fees to Sugano and Taka-O, contending that Slep-Tone—and not Sugano and Taka-O—was the prevailing party in this case. Notwithstanding the procedural impropriety of Slep-Tone's Motion and assuming Slep-Tone could demonstrate the requisite extraordinary circumstances, the Court disagrees with Slep-Tone's assertion that it was the prevailing party.

The Lanham Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). While the statute does not define who is a prevailing party, the Supreme Court has interpreted the term several times in the context of federal fee-shifting statutes and has held that the defining factor is whether there has been an "alteration in the legal relationship of the parties." *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001), *superseded by statute*, OPEN Government Act of 2007, Pub. L. No. 110-175, § 4, 121 Stat. 2524, 2525. Under this standard, enforceable judgments on the merits and court-ordered consent decrees suffice as the basis for an attorney's-fee award. *Id.* at 604.

An involuntary dismissal "operates as an adjudication on the merits," unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Ninth Circuit has recognized that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) (interpreting § 505 of the Copyright Act). Numerous other circuits have held that a dismissal with prejudice renders a defendant the prevailing party.[2]

In *Highway Equipment Co.*, on the eve of trial, both parties reciprocally agreed to release all claims against each other. 469 F.3d at 1030. The plaintiff moved for a

---

[2] *Green Aviation Mgmt. Co. v. F.A.A.*, 676 F.3d 200, 205 (D.C. Cir. 2012); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); *Reich v. Walter W. King Plumbing & Heating Contractor, Inc.*, 98 F.3d 147, 151 (4th Cir. 1996).

1  voluntary dismissal, and the court dismissed the case with prejudice. *Id.* The
2  defendant then moved for attorney's fees under 35 U.S.C. § 285, claiming it was the
3  "prevailing party." *Id.* at 1031. The district court agreed. On appeal, the Federal
4  Circuit affirmed, holding that, "the dismissal with prejudice, based on the covenant
5  . . . [had] the necessary judicial imprimatur to constitute a judicially sanctioned change
6  in the legal relationship of the parties." *Id.* at 1035.

In this case, the parties entered into a settlement agreement. Although Sugano and Taka-O paid $5,000 under the settlement agreement, Slep-Tone failed to move to dismiss them from this case. (Opp'n 6.) The Court later dismissed the entire case with prejudice because of Slep-Tone's lack of prosecution. (ECF No. 89.) Sugano and Taka-O are the prevailing parties under § 1117(a) of the Lanham Act because of this dismissal with prejudice. Even if Slep-Tone moved to dismiss Sugano and Taka-O under the terms of the parties' settlement agreement, Sugano and Taka-O would still be considered the prevailing parties. *Highway Equipment Co.*, 469 F.3d at 1031.

Contrary to Slep-Tone's argument, the settlement agreement did not render it the prevailing party over Sugano and Taka-O. There was never a court-ordered consent decree sufficient to establish "the necessary judicial *imprimatur*" on the alteration of the parties' legal relationship. *Buckhannon*, 532 U.S. at 605. Indeed, Slep-Tone ever lived up to its end of the bargain since it never moved for dismissal or even notified the Court of the settlement.

The Court therefore **DENIES** Slep-Tone's Motion for Reconsideration.

### III.   MOTION FOR CONTEMPT

Since Slep-Tone has defied the Court's January 15, 2013 Order awarding attorney's fees, Sugano and Taka-O move for an order of contempt and sanctions against Slep-Tone.

A district court has inherent authority to punish both criminal and civil contempt. *See United States v. Hudson*, 11 U.S. 32, 34 (1812). Criminal contempt seeks to vindicate the court's authority and punish the contemnor for impugning the

court's integrity. *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980). An individual criminally contemns when "(1) there is a clear and definite order, and the contemnor knows of the order" and "(2) the contemnor willfully disobeys the order." *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979); *see also* 18 U.S.C. § 401.

In contrast, civil contempt "is designed to enforce compliance with a court order." *Powers*, 629 F.2d at 627. A district court may imprison or otherwise sanction the contemnor until that person complies with the court's order. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994).

Sugano and Taka-O argue that Slep-Tone should be found in contempt because it has failed to pay the $18,105 in attorney's fees the Court awarded on January 15, 2013. Sugano and Taka-O's attorney requested the money from Slep-Tone on multiple occasions. But to date, Slep-Tone has paid nothing.

On the other hand, Slep-Tone contends that the Order is not definite enough for a contempt finding, because the Order did not include a deadline by which Slep-Tone must pay the attorney's-fee award.

Slep-Tone misunderstands this Court's order when it insists that "there is no mandatory language in the Order at all." (Opp'n 3.) Federal courts do not write advisory opinions. When this Court issued the January 15, 2013 Order awarding Sugano and Taka-O $18,105 in attorney's fees, the Order was not a mere suggestion—Slep-Tone was ordered to pay the attorney's-fee award.

But because the Order did not include a date by which Slep-Tone had to pay, the Court declines to exercise its contempt authority at this time, except to order Slep-Tone to comply with the Order by paying Sugano and Taka-O $18,105 within 14 days of this Order. The Court also declines Sugano and Taka-O's request for additional attorney's fees for having to file this Motion and to oppose Slep-Tone's Motion for Reconsideration.

/ / /

## IV. CONCLUSION

For the reasons discussed above, Slep-Tone's Motion for Reconsideration is **DENIED** and Sugano and Taka-O's Motion for Contempt is also **DENIED**. (ECF Nos. 105, 108.) Slep-Tone is hereby **ORDERED** to comply with the Court's January 15, 2013 Order by paying the $18,105 attorney's-fee award within 14 days of this Order.

**IT IS SO ORDERED.**

March 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**